UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF IDAHO

| | |
|---|---|
| SAWTOOTH MOUNTAIN RANCH LLC, LYNN ARNONE, DAVID BOREN, | Case No. 1:19-cv-00118-CWD |
| Plaintiffs, | **MEMORANDUM DECISION AND ORDER** |
| v. | |
| UNITED STATES OF AMERICA; UNITED STATES DEPARTMENT OF AGRICULTURE; SONNY PERDUE, Secretary of Agriculture; UNITED STATES FOREST SERVICE; SAWTOOTH NATIONAL FOREST; JIM DEMAAGD, Forest Supervisor; SAWTOOTH NATIONAL RECREATION AREA; KIRK FLANNIGAN, Area Ranger; FEDERAL HIGHWAY ADMINISTRATION, | |
| Defendants. | |

## INTRODUCTION

Before the Court is Defendants' motion to strike Plaintiffs' second amended

complaint, filed pursuant to Fed. R. Civ. P. 12(f); Plaintiffs' motion to amend complaint;

and Defendants' objection thereto under Fed. R. Civ. P. 15 and 16. The motions are ripe

for review, and will be decided on the record before the Court without a hearing. D. Idaho L. Rule 7.1(d)(1)(B).

## BACKGROUND

Plaintiffs filed the complaint in this action on April 9, 2019. Following the Court's June 13, 2019 order denying Plaintiffs' motion for preliminary injunction, Plaintiffs filed an amended complaint on August 8, 2019. Defendants filed a motion to dismiss claim one in the amended complaint, one of three claims asserted under the Quiet Title Act, on the grounds the Court lacked subject matter jurisdiction.[1] The Court granted the motion to dismiss on January 13, 2020. (Dkt. 44.)

At this juncture, the Court was able to conduct a scheduling conference, and to consider the parties' proposals for setting deadlines to govern further proceedings. The Court set a scheduling conference for January 15, 2020. (Dkt. 39.)

On January 8, 2020, Defendants moved to continue the scheduling conference, and requested the Court delay adopting a litigation plan or discovery plan because, in December of 2019, Plaintiffs submitted notices of intent to sue under to the Clean Water Act and Endangered Species Act, two new claims not raised in the initial complaint or amended complaint. (Dkt. 43.) Defendants proposed that all of Plaintiffs' claims be resolved together and proceed on a similar schedule, asserting that any delay associated

---

[1] The amended complaint asserted three claims under the Quiet Title Act against Defendants Dean Umathum and the Federal Highway Administration. The Court dismissed one of the claims, as well as named Defendants Dean Umathum and the Federal Highway Administration, finding the remaining two claims brought under the Quiet Title Act were properly brought against the United States.

**MEMORANDUM DECISION AND ORDER - 2**

with having Plaintiffs bring all their claims in one action was inconsequential given the efficiency to be gained with one schedule governing all claims. Defendants anticipated also that Plaintiffs likely would move to amend the complaint once the jurisdictional 60-day waiting period imposed by 33 U.S.C. § 1365(b)(1)(A) and 16 U.S.C. § 1540(g)(2) expired.

The Court vacated the scheduling conference set for January 15, 2020, and entered a limited scheduling order to allow discovery to proceed with respect to the two remaining quiet title claims only. (Dkt. 45, 46.) In its scheduling order, the Court ordered that all motions to amend pleadings and join parties be filed on or before March 19, 2020. (Dkt. 46.) Plaintiffs did not file a motion, but instead filed a second amended complaint on March 19, 2020. Defendants' motion to strike followed, in which Defendants argue the second amended complaint should be stricken because it was filed contrary to the Court's order.

The Court conducted a telephonic status conference with the parties on March 27, 2020, at which Plaintiffs acknowledged their mistake in not filing the appropriate motion to amend to accompany the proposed amended complaint. The Court next entered an amended scheduling order with a briefing schedule that allowed Plaintiffs to file a motion to amend, and for Defendants to respond. (Dkt. 53, 54.) The Court also set additional deadlines for fact discovery. (Dkt. 53.)

Plaintiffs argue they should be permitted to file the second amended complaint, which clarifies existing claims brought pursuant to the Quiet Title Act, National Forest Management Act, National Environmental Policy Act, and Sawtooth National Recreation

MEMORANDUM DECISION AND ORDER  - 3

Area Act, and adds claims under the Endangered Species Act and Clean Water Act which Defendants have been aware of since December of 2019.[2] Plaintiffs contend Defendants have not suffered undue prejudice due to the delay and were on notice of the potential amendments. Under the liberal standard of Rule 15, Plaintiffs argue they should be permitted to file their second amended complaint.

Defendants counter that this action was filed more than one year ago, and the pleadings have not yet been finalized. Defendants argue Plaintiffs have not shown good cause pursuant to Fed. R. Civ. P. 16(b) and did not comply with Fed. R. Civ. P. 15(a).

## ANALYSIS

When a plaintiff files a motion to amend, Fed. R. Civ. P. 15(a)(2) provides that "[t]he court should freely give leave when justice so requires." Yet, even under this liberal standard, leave to amend "is not to be granted automatically." *Jackson v. Bank of Hawaii*, 902 F.2d 1385, 1387 (9th Cir. 1990). The Court "may exercise its discretion to deny leave to amend due to 'undue delay, bad faith or dilatory motive on part of the movant, repeated failure to cure deficiencies by amendments previously allowed, undue prejudice to the opposing party ... [and] futility of amendment.'" *Carvalho v. Equifax*

---

[2] The proposed second amended complaint does not identify additional parties, but it does seek to add back the Federal Highway Administration (FHA) as a defendant. Claims One and Two, which appear to be substantially similar to the claims allowed to proceed under the Quiet Title Act, are asserted collectively against all Defendants and therefore appear to include the FHA. The Court explained in its memorandum decision and order that the United States is the appropriate defendant if a federal agency is incorrectly named as a defendant in a quiet title action. (Dkt. 44 at 19.) Plaintiffs appear, however, to name Defendants collectively in Claims Five, Six, Eight, and Nine, asserting violations of NEPA, the ESA, and the CWA; and name the FHA in Claim Seven, also asserting a violation of NEPA.

**MEMORANDUM DECISION AND ORDER - 4**

*Info. Servs., LLC*, 629 F.3d 876, 892–93 (9th Cir. 2010) (quoting *Foman v. Davis*, 371 U.S. 178, 182 (1962)) (alterations in original).

However, where a party files a motion to amend after the deadline for amendment has lapsed, a party cannot "appeal to the liberal amendment procedures afforded by Rule 15; [t]he tardy motion [must] satisfy the more stringent good cause showing required under Rule 16." *AmerisourceBergen Corp. v. Dialysist W., Inc*., 465 F.3d 946, 952 (9th Cir. 2006) (internal citation and quotation marks omitted) (emphasis in original); *see also* Fed. R. Civ. Proc. 16(b)(4) (the contents of a scheduling order "may be modified only for good cause and with the judge's consent."). Rule 16(b)'s "good cause" standard primarily considers the diligence of the party seeking the amendment. *Johnson v. Mammoth Recreations, Inc*., 975 F.2d 604, 609 (9th Cir. 1992) The Court may modify the pretrial schedule "if it cannot reasonably be met despite the diligence of the party seeking the extension." Fed. R. Civ. P. 16 advisory committee's notes (1983 amendment).

Carelessness is not compatible with a finding of diligence and offers no reason for a grant of relief. *Johnson*, 975 F.2d at 609. Although the existence or degree of prejudice to the party opposing the modification might supply additional reasons to deny a motion, the focus of the inquiry is upon the moving party's reasons for seeking modification. *Id.* If that party was not diligent, the inquiry should end. *Id.*  However, "[t]he district court is given broad discretion in supervising the pretrial phase of litigation, and its decisions regarding the preclusive effect of a pretrial order...will not be disturbed unless they evidence a clear abuse of discretion." *Miller v. Safeco Title Ins. Co*., 758 F.2d 364, 369 (9th Cir. 1985).

**MEMORANDUM DECISION AND ORDER  - 5**

Defendants argue Plaintiffs must meet the good cause standard of Rule 16(b), because Plaintiffs filed the motion to amend the complaint after the date specified in the scheduling order. Defendants assert Plaintiffs were careless, and offered no reason for missing the deadline in this case and not following the Court's order that a motion to amend be filed by March 19. Plaintiffs admit that an inadvertent error caused counsel to file the second amended complaint without an accompanying motion.

While the Court does not condone the disregard of its order, this is not a situation where Plaintiffs delayed conducting discovery and then failed to offer any justification for waiting until the expiration of the deadline for proposing amendments to the complaint. *See Integra Lifesciences I, Ltd. v. Merk KGaA*, 190 F.R.D. 556, 560 (S.D. Cal. 1999) (the failure to diligently act upon information obtained from an opposing party during discovery does not constitute "good cause" under Rule 16); *Tschantz v. McCann*, 160 F.R.D. 568, 572 (N.D. Ind. 1995) (failure to pay attention to discovery received does not constitute good cause), *cited in Floyd v. Ada Cty.*, No. 1:17-CV-00150-DCN, 2020 WL 1991400, at *9 (D. Idaho Apr. 27, 2020). Rather, the parties jointly proposed March 19, 2020, as the deadline for filing motions to amend, anticipating that Plaintiffs would be adding certain environmental claims. Prior to the deadline, Plaintiffs notified Defendants of potential new claims under the ESA and CWA, and Plaintiffs were actively engaged in pursuing information related to the same. (*See* Decl. of Royer, Dkt. 38-1.) Thus, all parties were anticipating the filing of a second amended complaint.

"Although diligence is the focus of the Rule 16 inquiry, the 'existence or degree of prejudice to the party opposing the motion' is also relevant." *Cryer v. Idaho Dep't of*

MEMORANDUM DECISION AND ORDER  - 6

*Labor*, No. 1:16-CV-00526-BLW, 2018 WL 3636529, at *3 (D. Idaho July 30, 2018). Although this case has been pending since April of 2019, the parties have consumed the Court with preliminary motion practice and a final scheduling order has not yet been entered. Nor has discovery commenced to any significant degree.[3] And finally, although Plaintiffs did not technically comply with the Court's order requiring motions to amend be filed by March 19, 2020, Plaintiffs filed what was to be their proposed second amended complaint on March 19, 2020, and their motion to amend followed less than two weeks later, on April 1, 2020. There is no evidence of any dilatory motive of Plaintiffs or prejudice to Defendants in this case.

Accordingly, in the exercise of its discretion, the Court construes the filing of Plaintiffs' second amended complaint as including also a request for leave to do so. As construed, the motion is timely, and Rule 15 applies. *See Jacobs Silver K Farm, Inc. v. Taylor Produce, LLC*, No. 4:13-CV-00535-EJL-CWD, 2015 WL 12839162, at *3 (D. Idaho Sept. 3, 2015) (construing motion to amend complaint filed after the Rule 16 deadline as including also a motion to amend the deadline within which to file an amended complaint).

Turning to Rule 15, Defendants argue Plaintiffs failed to comply because the rule requires "leave of the court" to file an amended pleading. Thus, because leave was not requested by motion on March 19, Defendants argue their motion to strike should be

---

[3] Discovery is necessary for the Quiet Title Act claims and CWA claim. All other claims will be decided based upon the administrative record. The addition of the claim under the ESA may require its supplementation.

**MEMORANDUM DECISION AND ORDER - 7**

granted. Without delving into the parties' arguments concerning the propriety of a motion to strike, the Court finds that, under the more liberal standard of Rule 15, the motion to amend should be granted. The circumstances here do not rise to the level of undue delay, bad faith, dilatory motive, or undue prejudice.[4] Defendants, as well as the Court, were aware Plaintiffs were pursuing information in an effort to amend the complaint. While the actual motion and redlined version of the proposed amended complaint were not filed until April 1, the proposed amended complaint was filed by the deadline of March 19, 2020. The Court has yet to set any additional deadlines, Defendants were expecting the amendment, and there is no prejudice to Defendants resulting from the delay or evidence of bad faith on Plaintiffs' behalf.

Although the Court finds some support for Defendants' argument that the motion to amend here is untimely given the technical aspects of the amendment process were not complied with by March 19, 2020, the Court will grant the motion to amend based upon the totality of circumstances with this case to date, the nature of the motion, and the lack of any prejudice sustained by Defendants. *See Jacobs Silver K Farm, Inc. v. Taylor Produce, LLC*, No. 4:13-CV-00535-EJL-CWD, 2015 WL 12839162, at *3 (D. Idaho Sept. 3, 2015).

---

[4] Defendants did not raise substantive arguments concerning futility of amendment or failure to state a claim.

MEMORANDUM DECISION AND ORDER - 8

## ORDER

**NOW THEREFORE IT IS HEREBY ORDERED:**

1)      Defendants' Motion to Strike (Dkt. 52) is **DENIED**.

2)      Plaintiffs' Motion to Amend Complaint (Dkt. 55) is **GRANTED**.

3)      Plaintiffs' Second Amended Complaint (Dkt. 50) is deemed filed as of the

date of this Order.

DATED: May 8, 2020

Honorable Candy W. Dale
United States Magistrate Judge