UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF IDAHO

| | |
|---|---|
| SAWTOOTH MOUNTAIN RANCH LLC, LYNN ARNONE, and DAVID BOREN,<br><br>      Plaintiffs,<br><br>v.<br><br>UNITED STATES OF AMERICA; UNITED STATES DEPARTMENT OF AGRICULTURE; SONNY PERDUE, Secretary of Agriculture; UNITED STATES FOREST SERVICE; SAWTOOTH NATIONAL FOREST; JIM DEMAAGD, Forest Supervisor; SAWTOOTH NATIONAL RECREATION AREA; KIRK FLANNIGAN, Area Ranger; FEDERAL HIGHWAY ADMINISTRATION,<br><br>      Defendants. | Case No. 1:19-cv-0118-CWD<br><br>**ORDER** |

## INTRODUCTION

Pending before the Court are Plaintiffs' motion for preliminary injunction and motion for temporary restraining order, filed on May 20, 2020, and June 10, 2020, respectively. The Court's order is limited to Plaintiffs' motion for temporary restraining order, which seeks the extraordinary remedy of halting all construction activities on the Stanley to Redfish Lake Trail, which have already begun.

ORDER - 1

The Court has reviewed the motion for temporary restraining order, the response, and the materials submitted with the briefs. For the reasons explained below, the motion will be denied. Plaintiffs have not demonstrated immediate threatened injury if the trail construction proceeds as scheduled.

## BACKGROUND[1]

Plaintiffs own or have ownership-related interests in real property in Custer County, Idaho, adjacent to the southern end of the town of Stanley, and westward of State Highway 75, in a contiguous parcel including all or part of Sections 4, 5, 8, 9, 10, 15, 16 and 17 of T.10 N., R. 13 E., Boise Meridian ("Property"). The Property is located within the Sawtooth National Recreation Area (SNRA) and consists of approximately 1,781.07 acres. Decl. of Boren ¶ 3. (Dkt. 11-2.)

Redfish Lake and Little Redfish Lake are popular summer destinations located within the SNRA six miles south of the town of Stanley. (AR 1127.) State Highway 75 connects Redfish Lake to Stanley, with high speed traffic and heavy summer traffic volumes. (AR 1128.) There currently is no alternative transportation route connecting Stanley and Redfish Lake. (AR 1128.)

In 2005, the United States Forest Service purchased a 30-foot-wide "Public Trail Easement" from the prior owners of the Property to connect a proposed trail route between Stanley and Redfish Lake. (AR 0698.)

---

[1] The Court provides a summary of the background here. A more detailed factual background may be found in the Court's Memorandum Decision and Order denying Plaintiffs' Motion for Preliminary Injunction, dated June 13, 2020. (Dkt. 24.)

**ORDER - 2**

In 2012, the Forest Service initiated internal scoping to review the potential trail route connecting Stanley and Redfish Lake (*see*, e.g., AR 1126), and in early 2014, began external scoping to solicit feedback on the proposed trail project. (AR 0921.) The Stanley/Redfish Trail would be about 4.4 miles long, of which about 1.5 miles would traverse the Property.

Plaintiffs acquired the Property in the fall of 2016 and were aware of the May 10, 2005 Conservation Easement Deed granting the Public Trail Easement to the Government when they purchased the Property. On June 6, 2017, the USFS authorized construction of the Stanley/Redfish Trail without further environmental analyses pursuant to a Categorical Exclusion. (AR 0296 - 0304.)[2] In July of 2018, Western Federal Lands Highway Division solicited bids for the trail construction project, and the project was awarded in September of 2018 to Hobble Creek Services, LLC.

Construction was first scheduled to begin on June 17, 2019, with an expected completion date of September 5, 2019. On April 9, 2019, two months prior to the commencement of trail construction, Plaintiffs filed a complaint seeking declaratory and injunctive relief under the Sawtooth National Recreation Area Act, 16 U.S.C. § 460aa *et. seq*. ("SNRA Act"); the National Forest Management Act, 16 U.S.C. § 1600 *et. seq*. ("NFMA"); the National Environmental Policy Act, 42 U.S.C. § 4331, *et. seq*. ("NEPA"); the Administrative Procedure Act, 5 U.S.C. § 551, *et. seq*. (the "APA"); and

---

[2] In reviewing the project proposal for the trail, the USFS analyzed the potential effects upon wildlife, including endangered aquatic species inhabiting the Salmon River, and conducted a number of other environmental assessments. The USFS's environmental analyses are more thoroughly discussed in the Court's order denying Plaintiffs' motion for preliminary injunction.

**ORDER - 3**

the Declaratory Judgment Act, 28 U.S.C. § 2201. On May 10, 2019, Plaintiffs filed a motion for preliminary injunction, claiming they could demonstrate a likelihood of success on the merits of three of their claims. The Court on June 13, 2019, issued an order denying Plaintiffs' motion for preliminary injunction, finding Plaintiffs had not demonstrated a likelihood of success on the merits of their NEPA and NFMA claims. (Dkt. 24.) The Court found also that Plaintiffs did not "make a sufficient showing of irreparable injury sufficient to grant injunctive relief" (*id*. at 52) and that the public interest and balance of equities did "not tip in favor" of an injunction. Nonetheless, in response to a letter received from Plaintiffs, Hobble Creek Services did not immediately proceed with trail construction. Plaintiffs thereafter proceeded to amend the complaint.

In December of 2019, Plaintiffs submitted notices of intent to sue under the Clean Water Act and Endangered Species Act, in anticipation of filing a second amended complaint. After additional motions were filed, the Court on May 8, 2020, permitted Plaintiffs to file the proposed second amended complaint, which adds two new claims under the Endangered Species Act, 16 U.S.C. § 1531, *et. seq*. ("ESA") and Clean Water Act, 33 U.S.C. § 1251, *et. seq*. ("CWA"). On May 20, 2020, Plaintiffs filed a second motion for preliminary injunction, based upon their claims under the ESA and CWA. (Dkt. 62.)

On June 10, 2020, Plaintiffs filed a motion for temporary restraining order, seeking to prevent construction of the Stanley/Redfish Trail. Plaintiffs assert intervention is "urgent," because Plaintiffs have "begun moving wildlife nests and conducting vegetation clearing and management activities on Plaintiffs' property and intend to move

ORDER - 4

forward with bulldozing and further construction of the Trail on Plaintiffs' real property immediately." The motion for temporary restraining order relies largely upon the same arguments advanced in the motion for preliminary injunction. Defendants represent that Hobble Creek Services resumed full operations on June 17, 2019, but was unable to complete the project by the original completion date of September 5, 2019. (Second Decl. of Hurst, Dkt. 66-1.) This year's construction window commenced on May 1, 2020, and Hobble Creek expects to complete the project in late September or early October of 2020. *Id.*

## DISCUSSION

Temporary restraining orders are designed to preserve the status quo pending the ultimate outcome of litigation. They are governed by Federal Rule of Civil Procedure 65(b), which states:

> A temporary restraining order may be granted without written or oral notice to the adverse party or that party's attorney only if (1) it clearly appears from specific facts shown by affidavit or by the verified complaint that immediate and irreparable injury, loss, or damage will result to the applicant before the adverse party or that party's attorney can be heard in opposition, and (2) the applicant's attorney certifies to the court in writing the efforts, if any, which have been made to give the notice and the reasons supporting the claim that notice should not be required.

Under Rule 65(b) and Ninth Circuit case law, a plaintiff may obtain a temporary restraining order only where he or she can "demonstrate immediate threatened injury." *See, e.g., Caribbean Marine Servs. Co. v. Baldridge*, 844 F.2d 668, 674 (9th Cir. 1988) (emphasis in original).

**ORDER - 5**

The grant or denial of a temporary restraining order or a preliminary injunction is a matter of the Court's discretion exercised in conjunction with the principles of equity. *Sky Star Moon & Universe Tr. v. HSBC Bank USA*, No. CV10-234-S-EJL, 2010 WL 1904658, at *2 (D. Idaho May 11, 2010) (citing *Inland Steel v. U.S.*, 306 U.S. 153 (1939)). Injunctive relief is not obtained as a matter of right, and it is an extraordinary remedy that should not be granted unless the movant, by a clear showing, carries the burden of persuasion. *Id.* (citing *Sampson v. Murray*, 415 U.S. 61, 84 (1974)).

In this case, Plaintiffs' present motion is predicated on violations of the ESA and CWA, and they argue irreparable injury will result if trail construction continues. Upon review of the record in this matter, the Court finds the Plaintiffs have failed to satisfy their burden for issuance of a temporary restraining order.

First, Plaintiffs have failed to demonstrate immediate threatened injury before Defendants can be heard in opposition on the ESA and CWA claims. *North Idaho Community Action Network v. Hofmann*, No. CV08-181-N-EJL, 2008 WL 11349800 *1 (D. Idaho Nov. 13, 2008) (citing *Carribbean Marine Servs. Co. v. Baldridge*, 844 F.2d 668, 674 (9th Cir. 1988)). Plaintiffs allege that Defendants have been moving wildlife nests[3] and conducting vegetation clearing and other activities in preparation for earth moving equipment to begin work. However, the Court fails to see the urgency given the situation is substantially the same as it was on June 13, 2019, when the Court found Plaintiffs had not met the standard for granting a preliminary injunction on Plaintiffs'

---

[3] Defendants deny Plaintiffs' allegation that any wildlife nests were moved.

**ORDER - 6**

NEPA and NFMA claims. The immediate injury alleged by Plaintiffs is not significantly different, considering Hobble Creek Services proceeded with construction activities.

Second, the memorandum in support of the motion for temporary restraining order references the same arguments advanced in support of the motion for preliminary injunction. Plaintiffs have not shown why the relief requested should be granted before Defendants have an opportunity to be heard. Both parties have submitted extensive briefing on the motion for preliminary injunction. (Dkt. 62, 66.) The standard for seeking a temporary restraining order is the same as the standard for granting preliminary injunctive relief. *Baker v. Patterson*, No. 4:16-CV-00181-MWB, 2016 WL 3024017, at *1 (D. Idaho May 25, 2016) (citing *Stuhlbarg Int'l Sales Co., Inc. v. John D. Brush & Co.*, 240 F.3d 832, 839 n.7 (9th Cir. 2001)).[4] Yet, Plaintiffs ask the Court to make a preliminary decision on the merits of Plaintiffs' ESA and CWA claims before Defendants are heard. Accordingly, the Court will deny the request for a temporary restraining order and expedite the deadline for the reply in support of the motion for preliminary injunction. Considering the continued construction activities, the Court will also set a hearing date.

---

[4] In either case, the moving party must show: (1) a likelihood of success on the merits; (2) a likelihood of irreparable harm to the moving party in the absence of preliminary relief; (3) that the balance of equities tips in favor of the moving party; and (4) that an injunction is in the public interest. *Winter v. Natural Res. Def. Council Inc.*, 555 U.S. 7, 20 (2008).

ORDER - 7

## ORDER

**NOW THEREFORE IT IS HEREBY ORDERED:**

1) Plaintiffs' Motion for Temporary Restraining Order (Dkt. 67) is **DENIED**.

2) Plaintiffs' reply memorandum in support of the Motion for Preliminary Injunction is due by **June 16, 2020**.

3) The Court will conduct a hearing on the Plaintiffs' Motion for Preliminary Injunction on **June 19, 2020, at 1:30 p.m**. mountain time, via videoconference. Instructions for participating in the videoconference are forthcoming.

4) Plaintiffs have indicated they intend to call a witness to testify. If allowed to do so, Defendants intend to do the same. To assist the Court, the parties are required to file simultaneous briefs discussing the legal basis for presenting witness testimony on this motion for preliminary injunction. The briefs must not exceed five pages, and must be filed no later than **5:00 p.m. on June 16, 2020**.

DATED: June 12, 2020

Honorable Candy W. Dale
United States Magistrate Judge