UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF IDAHO

| | |
|---|---|
| SAWTOOTH MOUNTAIN RANCH LLC, LYNN ARNONE, and DAVID BOREN,<br><br>                        Plaintiffs,<br><br>v.<br><br>UNITED STATES OF AMERICA; UNITED STATES DEPARTMENT OF AGRICULTURE; SONNY PERDUE, SECRETARY OF AGRICULTURE; UNITED STATES FOREST SERVICE; SAWTOOTH NATIONAL FOREST; JIM DEMAAGD, Forest Supervisor; SAWTOOTH NATIONAL RECREATION AREA; KIRK FLANNIGAN, Area Ranger; FEDERAL HIGHWAY ADMINISTRATION,<br><br>                        Defendants. | Case No. 1:19-cv-0118-CWD<br><br>**MEMORANDUM DECISION AND ORDER RE: DEFENDANTS' MOTION FOR TEMPORARY RESTRAINING ORDER AND PRELIMINARY INJUNCTION AND MOTION FOR LEAVE TO FILE AN AMENDED ANSWER (DKT. 77, 78)** |

## INTRODUCTION

Pending before the Court in the above-entitled matter are Defendants' motion for temporary restraining order (TRO) and preliminary injunction, and motion for leave to file an amended answer. (Dkt. 77, 78.) The proposed amended answer seeks to add counterclaims against Plaintiffs and claims against proposed third-party defendants Michael Boren and Obsidian Aircraft LLC (collectively "Obsidian"), alleging trespass and nuisance. Plaintiffs and Obsidian have been served with a copy of the motions. (Dkt. 77,

78, 79, 82.) Plaintiffs filed a response to the motion for TRO on June 25, 2020, and the Obsidian filed an appearance on June 26, 2020. (Dkt. 81, 83.)

The facts and legal arguments are adequately presented in the briefs and record. In the interest of avoiding delay, and because the Court conclusively finds that the decisional process would not be significantly aided by oral argument, the motion for TRO is decided on the record without oral argument. D. Idaho L. Rule 7.1. For the reasons that follow, the Court will deny the motion for TRO and expedite the briefing on the motion for preliminary injunction and motion for leave to file an amended answer.

## FACTUAL AND PROCEDURAL BACKGROUND

The underlying facts in this case are well known to the Court and the parties, and have been set forth in several prior filings. As such, only a summary of facts and background relevant to the motions are set forth below.

This case involves the parties' dispute over the construction of the Stanley to Redfish Trail (the "Trail"). Plaintiffs David Boren, Lynn Arnone, and Sawtooth Mountain Ranch, LLC, own property in Stanley, Idaho. Plaintiffs' property is subject to an easement allowing for a portion of the property to be utilized as a trail. In 2012, the United States Forest Service ("Forest Service") began the process of reviewing the proposed Trail. On June 6, 2017, the Forest Service approved construction of the Trail. In September of 2018, Hobble Creek Services, LLC, was awarded the contract to construct the Trail. Construction of the Trail was scheduled to begin in May of 2019, and be completed by September 5, 2019.

On April 9, 2019, Plaintiffs initiated this action contesting the Defendants' authorization for construction of the Trail. (Dkt. 1.) The Government issued a stop work order on May 3, 2019. Second Decl. of Hurst ¶ 3. (Dkt. 66-1.) Plaintiffs filed a motion for preliminary injunction to stop construction of the Trail, which was denied on June 13, 2019. (Dkt. 24.) Full construction operations resumed on June 17, 2019.  Second Decl. of Hurst ¶ 3. (Dkt. 66-1.) However, due to the limited construction window, Hobble Creek was unable to complete construction before the onset of winter weather.

On August 8, 2019, Plaintiffs filed an amended complaint. (Dkt. 29.) The Court granted Defendants' motion to dismiss certain claims in the amended complaint for lack of subject matter jurisdiction. (Dkt. 32, 44.) In December of 2019, Plaintiffs submitted notices of intent to sue to the Forest Service and other agencies under the Clean Water Act and Endangered Species Act, in anticipation of filing a second amended complaint. SAW0001, SAW0047. (Dkt. 58-2 at 1, 47.)

Hobble Creek resumed construction of the trail in May of 2020, and work is scheduled to be completed by September or October of 2020. On May 8, 2020, the Court granted Plaintiffs' motion to file a second amended complaint, which added a claim under the Clean Water and a claim under the Endangered Species Act. On May 20, 2020, Plaintiffs filed a second motion for preliminary injunction. (Dkt. 50, 59.) On June 10, 2020, Plaintiffs also filed a motion for a TRO. (Dkt. 67.) The Court denied Plaintiffs' motion for TRO on June 12, 2020. (Dkt. 70.) On June 19, 2020, the Court held a hearing on the second motion for preliminary injunction, which is currently under advisement. (Dkt. 70, 76.)

The following day, on June 20, 2020, a Hobble Creek crew was working on the portion of the Trail within the staked easement crossing Plaintiffs' property. At approximately 9:30 a.m., a helicopter registered to Obsidian Aircraft, LLC, an entity controlled by Plaintiffs' brother, Michael Boren, reportedly made three low-level flights in close proximity to the crew, and the helicopter's passenger made an obscene hand gesture toward the crew. (Dkt. 78-2, 78-3 at 6.) The actions of the helicopter pilot and its passenger toward the construction crew are described as harassing and unsafe. As a result, Defendants filed the motion for TRO and preliminary injunction presently before the Court, and a motion for leave to file an amended answer raising counterclaims of trespass and nuisance against Plaintiffs and Obsidian. (Dkt. 77, 78.)

## STANDARD OF LAW

Federal Rule of Civil Procedure 65 governs preliminary injunctions and temporary restraining orders, and requires that a motion for temporary restraining order include "specific facts in an affidavit or a verified complaint [that] clearly show that immediate and irreparable injury, loss, or damage will result to the movant before the adverse party can be heard in opposition," as well as written certification from the movant's attorney stating "any efforts made to give notice and the reasons why it should not be required." Fed. R. Civ. P. 65(b). Defendants represent that a copy of the motion and supporting documentation was served upon Plaintiffs and Obsidian on June 24, 2020. (Dkt. 78, 79.)

The analysis required for a TRO and a preliminary injunction are "substantially identical." *Stuhlbarg Int'l Sales Co. v. John D. Brush & Co.*, 240 F.3d 832, 839 n. 7 (9th Cir. 2001); *Golden Gate Restaurant Ass'n v. City and Cnty. of San Francisco*, 512 F.3d

1112, 1115 (9th Cir. 2008). The party seeking an injunction must show: 1) a likelihood of success on the merits; 2) a likelihood of irreparable harm to them in the absence of preliminary relief; 3) that the balance of hardship/equities tips in their favor; and 4) that an injunction is in the public interest. *Winter v. Natural Res. Def Council*, 555 U.S. 7, 20–23 (2008).

Alternatively, if a party cannot meet the elements of the *Winter* test, they may still obtain an injunction where they can show there are "serious questions going to the merits," the balance of hardships tip sharply in their favor, there is a likelihood of irreparable injury, and the injunction is in the public interest. *Alliance for the Wild Rockies v. Cottrell*, 632 F.3d 1127, 1135 (9th Cir. 2011). This "sliding scale approach" allows a party to make a lesser showing of likelihood of success provided he or she will suffer substantial harm in the absence of relief. *Id.* at 1133. Under this approach, however, "serious questions going to the merits" requires more than showing that "success is more likely than not;" it requires a plaintiff to demonstrate a "substantial case for relief on the merits." *See Wildearth Guardians v. Mark*, No. 4:13-cv-00533-CWD, 2013 WL 6842771, at *2 (D. Idaho 2013) (quoting *Leiva–Perez v. Holder*, 640 F.3d 962, 967–68 (9th Cir. 2011)). A TRO is "an extraordinary remedy that may only be awarded upon a clear showing that the plaintiff is entitled to such relief;" it is never awarded as of right. *Winter*, 555 U.S. at 24.

## DISCUSSION

Defendants' motion for temporary restraining order and the proposed amended answer assert that Plaintiffs' and third parties' conduct is tantamount to a trespass and

nuisance interfering with Defendants' right to possess and control real property. Defendants raise also the defense of laches and unclean hands in response to Plaintiffs' environmental claims. The TRO is sought in response to the helicopter encounter with the construction crew, as well as a letter Plaintiffs' counsel sent to Hobble Creek on August 6, 2019, warning of "potential consequences if the Trail is built as proposed," and that Plaintiffs are "continuing forward with" the lawsuit, requesting "the Forest Service delay construction until next summer." Second Decl. of Hurst Ex. A. (Dkt 66-2.) Plaintiffs' letter warned "Hobble Creek Services may suffer significant financial loss if it has invested in equipment leases, construction, or purchase of materials for portions of the Trial that cross the [Plaintiffs'] property." *Id*. Hobble Creek expressed "concern" caused by the lawsuit and is worried about "potential legal action from Mr. Boren's lawsuits against the Government." Second Decl. of Hurst ¶ 9. (Dkt. 66-1.)

Defendants' motion  requests an order preventing Plaintiffs, and anyone acting in concert with them, from interfering with Defendants' continued possession and control of the property subject to the easement, which necessarily involves construction of the Trail that is at the heart of the parties' dispute in this case. The claims asserted against Defendants arise under several environmental statutes as well as two claims asserted under the Quiet Title Act, 28 U.S.C. § 2409a.

Defendants were granted the right to a 30 foot wide segment of approximately 1.5 miles in length "to be utilized as a trail" for snowmobiles, snow grooming equipment, bicycle, horse, and foot travel. AR 0833. Plaintiffs' claims brought under the Quiet Title Act, 28 U.S.C. § 2409a, challenge the scope, but not the validity, of the easement. Pursuant

to 28 U.S.C. § 2409a(b), "[t]he United States *shall not be disturbed* in possession or control of any real property involved in any action under this section pending a final judgment or decree…." (emphasis added). If a final determination is adverse to the United States, "the United States nevertheless may retain such possession or control of the real property or of any part thereof as it may elect, upon payment to the person determined to be entitled thereto of an amount which upon such election the district court in the same action shall determine to be just compensation for such possession or control." *Id.*

The Government's right of access is a legally protected interest. And, there is authority that injunctive relief is an appropriate remedy to bar the obstruction of or interference with an easement based upon an action in nuisance. *See, e.g., Level 3 Commc'ns, Inc. v. Lidco Imperial Valley, Inc.*, No. 11-CV-01258-BTM-MDD, 2012 WL 4848929, at *3 (S.D. Cal. Oct. 11, 2012) (finding grantee of an easement may bring an action based upon interference with its rights under the easement based upon a theory of nuisance); *Benninger v. Derifield*, 129 P.3d 1235, 1240 (Idaho 2006) (injunction is appropriate remedy for nuisance claim alleging interference with easement rights).

However, it is not clear to the Court on the record presently before it that Defendants are entitled to the relief they seek. Although there is a strong inference that David Boren, by virtue of his close family relationship with his brother, Michael Boren, had something to do with the fly-over, there currently is no evidence before the Court other than speculation. And the motion to amend to add the counterclaims against both Plaintiffs and Obsidian is not ripe and remains pending before the Court. The Court therefore does not have jurisdiction over the proposed third-party defendants, and it is not a foregone

conclusion that Defendants may amend their answer. However, if the counterclaims and third party claims are allowed, the Court may consider those in deciding Defendants' request for a preliminary injunction.

Further, the evidence currently before the court does not demonstrate the threat of irreparable harm. An injunction is proper where the movant can "*demonstrate* immediate threatened injury" is likely, not just possible, in the absence of an injunction. *Caribbean Marine Servs. Co. v. Baldridge*, 844 F.2d 668, 674 (9th Cir. 1988) (emphasis in original); *Cottrell*, 632 F.3d at 1131; *Winter*, 555 U.S. at 21, 23. To establish a likelihood of irreparable harm, conclusory or speculative allegations are not enough. *See Herb Reed Enters., LLC v. Florida Entertainment Mgmt., Inc.*, 736 F.3d 1239, 1251 (9th Cir. 2013) (holding that pronouncements "grounded in platitudes rather than evidence" are insufficient); *Caribbean Marine Servs.*, 844 F.2d at 674 (holding that "[s]peculative injury does not constitute irreparable injury sufficient to warrant granting a preliminary injunction" and adding that the movant "must demonstrate immediate threatened injury as a prerequisite to preliminary injunctive relief"). Irreparable harm has been described as "[p]erhaps the single most important prerequisite for the issuance of a preliminary injunction." 11A Wright & Miller, Fed. Prac. & Proc. § 2948. Where the movant fails to demonstrate a likelihood of irreparable harm in the absence of preliminary relief, the Court need not address the remaining elements of the preliminary injunction standard. *See Center for Food Safety v. Vilsack*, 636 F.3d 1166, 1174 (9th Cir. 2011).

While the Court is familiar with Defendants' claims that irreparable injury will occur without the injunction because further interference with construction of the Trail

will cause the contractor to miss the narrow work window and possibly jeopardize completion of the Trail, there is no assertion in the motion that the crew ceased work, or threatened to do so as a result of the fly-over. (Dkt. 78.) More troubling, however, to the Court is the safety risk posed to the work crews if physical threats escalate and continue. The resulting harm that could befall the crew because of an unforeseen accident would indeed be irreparable. The personnel and crews working on the Trail are not involved in the dispute between the parties in this case, nor do they have any decision-making authority regarding the dispute. Placing the safety and security of the individuals working on the Trail in peril is inexcusable. Nonetheless, this does not appear to be an ongoing threat, as the Court has not been made aware of successive fly-over attempts such that the extraordinary remedy of a temporary restraining order is warranted.[1]

But, should the Court be made aware of successive attempts to interfere with the construction of the Trail that have the potential to place human safety at risk, or that impair Defendants' statutory right to possession or control, whether by threats, low flying

---

[1] Contrary to Plaintiffs' assertion that Plaintiffs would be at a loss to satisfy any carefully crafted injunction, the Court is permitted to enjoin parties, and those "acting in concert with" named parties, from conduct constituting a nuisance. *See Madsen v. Women's Health Ctr., Inc.*, 512 U.S. 753, 776 (1994) (upholding injunction applicable to parties and those acting in concert with named parties). Further, the Court may hold a party in contempt for giving a non-party the means to violate an injunction, if the party knows it is "highly likely the non-party will use those means to violate the injunction." *Institute of Cetacean Research v. Sea Shepherd Conservation Society*, 774 F.3d 935, 950 (9th Cir. 2014).

aircraft, or other means, the Court will not hesitate to invoke the authority it has to enter injunctive relief,[2] and to protect the sanctity of the judicial process.[3]

## ORDER

NOW THEREFORE IT IS HEREBY ORDERED that the Motion for Temporary Restraining Order (Dkt. 78) is **DENIED**.

IT IS FURTHER ORDERED that the briefing on the motion for preliminary injunction (Dkt. 78) and motion for leave to file an amended answer (Dkt. 77) are **EXPEDITED** as follows:

1)      Response from Third-Party Defendants to the motion for preliminary injunction due on or before **July 6, 2020**.

---

[2] Even if Defendants cannot establish "serious questions going to the merits," a restraining order or an injunction may be issued upon a finding that the balance of hardships tips sharply in Defendants favor, there is a likelihood of irreparable injury, and the injunction is in the public interest. *Alliance for the Wild Rockies v. Cottrell*, 632 F.3d 1127, 1135 (9th Cir. 2011). Whether to grant or deny a temporary restraining order or preliminary injunction is a matter within the court's discretion. *McGiboney v. Corizon*, No. 1:18-CV-00529-DCN, 2019 WL 3048339, at *4 (D. Idaho July 11, 2019), *amended*, No. 4:18-CV-00529-DCN, 2020 WL 1666805 (D. Idaho Apr. 3, 2020). An injunction may issue to restrain threatened or anticipated conduct constituting a nuisance, and conduct threatening others' safety qualifies as such. *See, e.g., Mugler v. Kansas*, 123 U.S. 623, 673 (1887) ("Though not frequently exercised, the power undoubtedly exists in courts of equity thus to protect the public against injury.").

[3] It is not lost on the Court that Plaintiffs invoked the judicial process to adjudicate the dispute concerning the scope of the easement and Defendants' compliance with various environmental laws. Extra-curricular actions interfering with the Trail's construction in light of the Court's orders denying Plaintiffs' motion for preliminary injunction and motion for temporary restraining order threatens the validity and legitimacy of the Court process, and signifies contempt for the rule of law. Plaintiffs initiated the proceedings against Defendants, and are compelled to obey lawful orders of the Court until this matter is resolved.

2)      Further response, if necessary, from Plaintiffs to the motion for preliminary injunction, and response to the motion to amend answer, due on or before **July 6, 2020**.

3)      Defendants' reply brief due on or before **July 10, 2020**.

4)      The Court will conduct a hearing on the motions on **July 15, 2020**, at **2:00 p.m.** Instructions for participating in the hearing are forthcoming via separate notice.

DATED: June 29, 2020

Honorable Candy W. Dale
United States Magistrate Judge

ORDER - 11